# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.) No. 22-ICA-120**

(BOR Appeal No.: 2057841)
(JCN: 2020010683)

**RICHARD YOST, JR.,**
**Claimant Below, Respondent**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc.,[1] appeals the August 22, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Richard Yost, Jr. filed a timely response.[2] Petitioner did not file a reply brief.

The issue on appeal is whether the Office of Judges ("OOJ"), as affirmed by the Board, erred in reversing the claim administrator's order and adding post-concussion syndrome and posttraumatic headaches as compensable conditions in the claim.[3] The claim administrator denied adding the diagnoses as compensable conditions in the claim by order

---

[1] For reasons not readily apparent in the appendix record, the parties have substituted "Harrison County Coal Resources, Inc." for the employer that was identified below as "Murray American Energy, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, Nos. 20-0537 & 21-0944, 2022 WL 16646484, *1 n.1 (W. Va. Nov. 3, 2022), we use the name of the employer designated in the order on appeal: Murray American Energy, Inc.

[2] Petitioner is represented by Aimee M. Stern, Esq. Respondent is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

[3] The terms post-concussion headaches and posttraumatic headaches are used interchangeably throughout the appendix record. To remain consistent with the OOJ, we will refer to the diagnosis as posttraumatic headaches. Additionally, the terms post-concussive, post-concussion, and post-concussional syndrome are all used interchangeably throughout the appendix record. We will refer to the diagnosis as post-concussion syndrome, which was the most frequently used term.

1

dated August 3, 2021. On January 28, 2022, the OOJ reversed the claim administrator's order and added the diagnoses to the claim. The order was affirmed by the Board on August 22, 2022.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 5111-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 21, 2019, Mr. Yost sustained injuries when the "man trip" he was operating in a coal mine was struck by a "tractor bolt machine." Mr. Yost presented to the emergency room the following day and reported neck pain, right upper extremity weakness, low back pain radiating into the right leg, stiffness, joint swelling, arthralgia, and headaches. Mr. Yost stated that he did not believe he lost consciousness but felt "fuzzy." A CT scan of the head was unremarkable. Ultimately, Mr. Yost was diagnosed with cervical strain, cervical radicular pain, a concussion, lumbar strain, and right sciatica.

Mr. Yost was subsequently treated by Aaron Hoekje, PA-C, on October 24, 2019. Mr. Yost reported right shoulder pain, headaches, insomnia, irritability, forgetfulness, and dizziness. Mr. Hoekje diagnosed Mr. Yost with a concussion, a neck strain, right shoulder pain, a low back strain, lumbar radiculopathy, and cervical radiculopathy, and referred Mr. Yost to a neurologist. On November 4, 2019, the claim administrator held the claim compensable for cervical strain, lumbar strain, and a concussion with loss of consciousness of unspecified duration.

Thereafter, Mr. Yost was examined by Chuagfang Jin, M.D., in November of 2019. During this examination, Mr. Yost reported that he had lost consciousness for a period of time and that he remembered waking up to a coworker asking him how he was doing. Mr. Yost also reported difficulty sleeping, mood swings, confusion, memory issues, and headaches. Dr. Jin opined that Mr. Yost exhibited symptoms of post-concussion syndrome, complicated by depressed mood and anxiety, and requested that he undergo an MRI and a psychological evaluation.

Later in November of 2019, Mr. Yost treated with Tiffany Lannan, N.P., whose notes reported that Mr. Yost "blacked out briefly" following the work injury and suffered from headaches, neck pain, difficulty with balance, mood issues, and sleep issues, among other things. Ms. Lannan diagnosed Mr. Yost with post-concussion syndrome and posttraumatic headaches and referred him for an MRI.

Mr. Yost was examined by Benjamin Moorehead, M.D., in December of 2019. Mr. Yost reported headaches, dizziness, fatigue, fogginess, difficulty concentrating, memory issues, irritability, depression, and fatigue, and reported that his symptoms had worsened

2

since the injury. Dr. Moorehead diagnosed Mr. Yost with post-concussion syndrome, a cervical sprain, and a lumbar sprain. Dr. Moorehead also recommended an MRI.

In January of 2020, Mr. Yost underwent an MRI of the brain, which revealed a bone defect but was otherwise normal. Mr. Yost returned to Dr. Moorehead and reported continued symptoms. Following review of the MRI, Dr. Moorehead diagnosed Mr. Yost with a traumatic brain injury with loss of consciousness, post-concussion syndrome, and a cervical sprain. Mr. Yost was likewise seen by Joseph Voelker, M.D., in February of 2020, for post-concussion syndrome.

Colleen Lillard, Ph.D., performed psychological testing on Mr. Yost in March of 2020, and opined that he was not exaggerating deficits. Mr. Yost again followed up with Dr. Moorehead with complaints of increased irritability. Dr. Moorehead's diagnosis remained traumatic brain injury with loss of consciousness, post-concussion syndrome, and a cervical sprain.

Mr. Yost underwent an independent medical evaluation performed by Joseph E. Grady, II, M.D., in July of 2020. Dr. Grady assessed Mr. Yost with a history of concussion with residual post-concussion syndrome and opined that he had not reached maximum medical improvement with regard to his concussion. Dr. Grady noted that, according to the International Classification of Diseases, tenth edition ("ICD-10"), the criteria for post-concussion syndrome required symptoms in three out of eight potential categories, including headaches, dizziness, fatigue, irritability, insomnia, concentration, memory difficulty, and intolerance to stress, and noted that Mr. Yost had reported symptoms in all categories.

In February of 2021, Mr. Yost was examined by Gerald Steiman, M.D., who opined that Mr. Yost did not have post-concussion syndrome. While Dr. Steiman agreed that Mr. Yost's complaints were consistent with a head injury, they did not indicate a specific condition. Dr. Steiman noted that, in order to be diagnosed with post-concussion syndrome, a head injury must be characterized by loss of consciousness for thirty minutes or more, a brain lesion or skull fracture, or meet the criteria of the Glasgow Coma Scale, and Mr. Yost did not meet the requirements. Dr. Steiman concluded that Mr. Yost sustained a concussion but suffered no psychological or psychiatric impairment as a result.

Mr. Yost testified via deposition in April of 2021, describing the mechanism of injury and his symptoms and difficulties following the injury. Mr. Yost also returned to Dr. Moorehead in April of 2021. Dr. Moorehead critiqued Dr. Steiman's evaluation report, stating that the International Conference of Concussion and Sport's criteria for post-concussion syndrome are not premised on brain lesions or skull fractures, and did not apply to post-concussion syndrome. Dr. Moorehead reiterated that Mr. Yost's complaints were consistent with post-concussion syndrome and later completed a Diagnostic Update Form

3

requesting that post-concussion syndrome and posttraumatic headaches be added as a compensable condition of the claim in July of 2021.

Later in July of 2021, Dr. Steiman authored a supplemental report, reiterating his opinion that there was no credible evidence for a traumatic brain injury with loss of consciousness and that the medical records did not support a diagnosis of post-concussion headaches. The claim administrator denied Dr. Moorehead's request to add post-concussion syndrome and posttraumatic headaches to the claim by order dated August 3, 2021.

By order dated January 28, 2022, the Office of Judges ("OOJ") reversed the claim administrator's August 3, 2021, order and held the claim compensable for post-concussion syndrome and posttraumatic headaches.[4] The OOJ noted that Dr. Grady diagnosed Mr. Yost with post-concussion syndrome and indicated that Mr. Yost's medical records demonstrated "very consistent" reports of symptoms associated with post-concussion syndrome. Also, Mr. Yost met the criteria under the ICD-10 for post-concussion syndrome. The OOJ further noted that Dr. Jin opined that Mr. Yost's symptoms were consistent with post-concussion syndrome, that Dr. Moorehead diagnosed Mr. Yost with post-concussion syndrome, and that Dr. Voelker evaluated Mr. Yost for the conditions of a traumatic brain injury and post-concussion syndrome.

The OOJ also found that Mr. Yost's testimony was persuasive and demonstrated that he suffered from symptoms such as headaches, difficulty concentrating, mood swings, memory problems, and anxiety, among other things. Moreover, it was reasonable to conclude that Mr. Yost developed post-concussion syndrome and posttraumatic headaches given the mechanism of injury and the compensable condition of concussion with loss of consciousness, and no evidence indicating Mr. Yost was exaggerating his symptoms had been introduced into evidence.

While Dr. Steiman opined that Mr. Yost did not meet the criteria for either post-concussion syndrome or post-traumatic headaches, the OOJ found that his opinions "are an outlier and inconsistent with the evidence submitted." Accordingly, based on the foregoing, the OOJ reversed the claim administrator's order and added post-concussion syndrome and posttraumatic headaches as additional compensable conditions in the claim. On August 22, 2022, the Board adopted the findings of fact and conclusions of law of the OOJ and affirmed its January 28, 2022, order. The employer now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[4] ~~The Office of Judges~~ affirmed the claim administrator on two other issues. However, the employer notes that it does not raise issue with those holdings in this appeal.

4

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, the employer argues that the lower tribunals erred in reversing the claim administrator and adding post-concussion syndrome and posttraumatic headaches to the claim. According to the employer, the medical evidence of record indicates that Mr. Yost suffered a mild concussion and was able to finish his shift on the date of injury before seeking medical treatment. Dr. Steiman opined that a diagnosis of post-concussion syndrome is inaccurate because Mr. Yost did not meet the criteria for it as he did not lose consciousness lasting over thirty minutes and did not meet the criteria for either the Glasgow Coma Scale or the ICD-10. Moreover, Dr. Steiman's opinion was corroborated by psychiatric testing performed during the proceedings below. Dr. Steiman also opined that Mr. Yost did not suffer from posttraumatic headaches, and his work as a neurologist and his superior qualifications should have been greater weight than the other medical opinions of record. As such, the employer avers that the lower tribunals were clearly wrong.

We disagree and find no error in the OOJ's and Board's conclusion that Mr. Yost established that he suffered from both post-concussion syndrome and posttraumatic headaches related to his compensable injury. As found by the Board, the mechanism of Mr. Yost's injury and his associated diagnosis of concussion with loss of consciousness lead one to reasonably conclude that Mr. Yost developed post-concussion syndrome and posttraumatic headaches from the compensable injury. Mr. Yost consistently reported frequent headaches, dizziness, irritability, confusion, difficulty sleeping, and concentration issues following the incident. The OOJ, and by extension the Board, found that Mr. Yost's testimony was persuasive regarding the mechanism of injury and his subsequent symptoms, and that Dr. Steiman's opinions that Mr. Yost did not suffer from these diagnoses was an "outlier" in the case. Indeed, Mr. Yost reported symptoms in all eight categories described by the ICD-10, and several physicians of record, including Dr. Jin, Dr. Moorefield, and Dr. Grady, and Dr. Voelker opined that Mr. Yost suffered from post-concussion syndrome and headaches and that they were related to his compensable injury. No evidence indicating that Mr. Yost was exaggerating or avoiding work was ever

presented below. As such, we cannot find that the Board was clearly wrong in affirming the OOJ's order adding post-concussion syndrome and posttraumatic headaches as compensable conditions in the claim. The employer is entitled to no relief.

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen